# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE ALBERTO CRUZ-GARCIA,<br>Defendant. | Case No. 19-cr-0336-3 BLF (NC)<br>**DETENTION ORDER**<br>Hearing: August 8, 2019 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on August 8, 2019, held a detention or release hearing for defendant Cruz-Garcia. The defendant is charged in this case by indictment for felony violations in three counts: (count 1) conspiracy to distribute and possess with intent to distribute a controlled substance; (count 3) possession with intent to distribute and distribution of fentanyl; and (count 4) possession with intent to distribute and distribution of methamphetamine. ECF 11. The defendant appeared at the hearing with his counsel, AFPD Dejan Gantar, after being advised of the charge and of his rights. Attorney Rudy Munoz was also present for the hearing. Cruz-Garcia has entered a not guilty plea and is presumed innocent of the charges. This order does not constitute evidence of the defendant's guilt.

The Court considered a pre-bail report, addendum, and second addendum report

from the Pretrial Services Department. The Second Addendum recommended detention as a risk of nonappearance.

Based on the information presented to the Court and considering all the factors required under the Bail Reform Act, the Court determines that the prosecution has shown by more than a preponderance of the evidence that Cruz-Garcia presents a risk of nonappearance and that no combination of conditions can reasonably mitigate that risk. That danger is evidenced by the defendant's criminal record; significant family and financial ties to Mexico and comparatively fewer ties to this community; and the weight of the proffered evidence in this case and the defendant's alleged role in the charged conspiracy. As to danger to the community, the Court finds that a combination of strict conditions could be imposed to mitigate the risk. Detention is based on risk of nonappearance.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: August 9, 2019

Nathanael M. Cousins
United States Magistrate Judge